ROBERT PINNELL, et al., Appellees, vs. E. OSBURN et al.—
(E. OSBURN, Appellant.)

*Opinion filed January 22, 1947.*

JOHN W. EVANS, ORLANDO A. KUHLE, and FRED G.
LEACH, all of Decatur, for appellant.

CRAIG & CRAIG, of Mattoon, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees, Robert Pinnell and his wife, Nadine Pinnell,
filed a complaint in the circuit court of Coles county,
against E. Osburn and H. E. Gordon, defendants, seeking
to set aside and hold void an oil and gas lease on the
grounds of fraud in obtaining the execution of the lease,
and for material alteration following its execution. The
court granted the prayer of the complaint and this appeal
followed. Under the terms of the lease, lessee was allowed

to enter the land for a primary term, the length of which is in dispute, and "as long thereafter as oil, gas or other minerals is produced from said land hereunder." A freehold thus being involved, this court will take jurisdiction on a direct appeal. *Updike* v. *Smith*, 378 Ill. 600; *Carter Oil Co.* v. *Liggett*, 371 Ill. 482.

From the record it appears that the notice of appeal was filed in the name of H. E. Gordon and E. Osburn on March 27, 1946, though H. E. Gordon had died on March 26, 1946. Thereafter, attorneys for Gordon appeared before the trial court, suggested his death, and asked leave to substitute his executor as a party in the proceeding. This motion was resisted by appellees, who prayed that the appeal be dismissed inasmuch as it had been perfected after Gordon's death. When this matter came before the trial court, counsel for appellant withdrew their motion suggesting death and for substitution, and the affidavit in support thereof, after which both were filed in this court, as was appellees' motion in opposition, and seeking dismissal. This court, on September 10, 1946, denied appellant's motion, allowed appellees' motion and dismissed the appeal. Thereafter, on September 16 1946, appellant's attorneys filed a motion to reinstate the appeal as to E. Osburn, and appellees filed suggestions in opposition thereto and amended their motion to dismiss to apply to E. Osburn. The order of dismissal was set aside as to Osburn, and appellees' objections were taken as an amended motion to dismiss the appeal and as such was taken with the case.

In considering the motion to dismiss, a brief statement of the facts is necessary. Appellee Robert Pinnell owned a farm of 73 acres in Coles county, where he lived with his wife and family. He had never given an oil and gas lease on this property or any other property, and there is some conflict as to his knowledge and experience in such matters. H. E. Gordon was an oil man who approached Pinnell in June, 1945, with a view to leasing his land for

a year.    Several conversations were held in which it developed that Pinnell wished to lease for only sixty days. Considerable discussion of the lease was had, and what was finally agreed upon forms the principal issue in the case.    A day or two after the parties had apparently agreed to the terms of the lease, Gordon came to the Pinnell home with a lease made out to E. Osburn.    When Pinnell objected to making out the lease on the ground that Osburn was a stranger, Gordon explained that inasmuch as he had been unable to get a notary to accompany him, he had made the lease out in the name of an associate, E. Osburn, and that he (Gordon,) would notarize appellees' signatures, and that he would have his associate transfer the lease back to him and that he would do the drilling. It developed on the trial that E. Osburn was a woman living in Decatur, Illinois, at whose home Gordon was rooming, and who was in nowise associated with him in the oil business.    She had given Gordon oral permission to use her name any time he thought it was all right, but she knew nothing of the execution of the Pinnell lease.

Appellees in their amended motion to dismiss contend, first, that Osburn is merely a nominal party and has no substantial interest in the subject matter of the appeal. Appellees call attention to the familiar rule that where a single party is appealing and can assign no errors affecting him but can assign only errors affecting the interest of another party, the decree entered in the case must be affirmed.    Appellees say, since this is so, Osburn's appeal must be dismissed.

In contending that E. Osburn is only a nominal party with no substantial interest in the proceedings, appellees say that she was merely a "straw" woman whose name Gordon used for convenience in obtaining the lease; that she testified that she knew nothing of the execution of the lease controverted here, and that she has never made any claim of ownership of, or interest in, the lease, but Gordon

claimed to be sole owner thereof. There seems to be no dispute of these facts in the record. It has been held that a mere nominal party to a litigation, having no substantial interest therein, cannot appeal. (4 C.J.S., 348, sec. 176; *Hamilton Trust Co.* v. *Cornucopia Mines Co.*, 223 Fed. (C.C.A. 9th) 494; *Hawley* v. *Whitaker*, (Tex. Civ. App.) 33 S. W. 688.) While it has been held that a nominal party may represent some interest which will give him the right of appeal on the strength of the interest he represents, (*Pacaud* v. *Waite*, 218 Ill. 138,) it is not claimed or shown here that any relationship of principal and agent, or other interest, existed between Gordon and Osburn, nor does any other relationship or interest appear between them sufficient to give Osburn the right to appeal. Osburn being but a nominal party with no substantial interest of her own, or sufficient representative interest to support her appeal, the appeal will be dismissed.

*Appeal dismissed.*